From: Marcel Nwagwu
TDCJNo. 1593238
C.T. Thrnell Unit
1300 FM 655
Rosharon Texas 77583

77934-03
Jan. 29, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 02 2015

Abel Acosta, Clerk

To: Abel Acosta
Clerk of Court.
Court of Criminal Appeals
of Texas. P.O Box 12308
Capitol Station
Austin Texas 78711

RE: Marcel Nwagwu
Tr. Ct. No D-1-DC-07904098 B
WR -77,934-02

Dear Mr. Acosta,
Enclosed Please find Relator's Motion for Leave to file writ of Mandamus and Request for Evidentiary Hearing with Motion and Brief in Support and one Copy of Relators Affidavit of Inability to pay Cost and fees. Please file these Papers and bring to the prompt attention of the judges of said court. By copy of this Cover Letter I am providing a Copy of these Papers to the trial Court. I do greatly Appreciate your time and Assistance in this matter.

M__ __
J. N. 1593238

MARCEL NWAGWU

TDCJ No. 1593238

RELATOR

V.

STATE OF TEXAS

RESPONDENTS

§
§
§
§
§
§
§
§
§
§
§
§
§

IN THE COURT OF CRIMINAL

APPEALS OF TEXAS

AUSTIN TEXAS

TR. Ct. No. D-1-DC-07 904098-B

WR-77,934-02

## RELATOR'S MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS AND REQUEST FOR EVIDENTIARY HEARING

To the Honorable Judges of Said Court:

Now Comes Marcel Nwagwu Relator, Pro-Se All times mention seeking to move this court pursuant to Texas Rules of Appellate, Rules 72, 72.1 AND 52.7 In Support of Relator will show the following.

### I

On January 12, 2015 Relator received a white card from this court informing him that this court received Relators 11.07 writ of Habeas Corpus.

### II

Relator admits that he is in custody as...

(1)

STATED by RESPONDENTS. However, Relator CONTENDS that his custody is unlawful for the reason that he is ACTUALLY INNOCENCE, and has submitted Newly discovered Evidence in his Application for writ of Habeas Corpus submitted to the trial Court.

## III.

Relator CONTENDS that he is ENTITLED to relief on the following grounds AS SET forth in his 11.07 writ of Habeas Corpus and as SET forth here:

(1) ACTUALLY INNOCENCE with "Newly discover Evidence"

(2) Prosector Misconduct, Perjury Testimony

(3) INEFFECTIVE ASSISTANCE of Counsel
  (A) failure to object to perjury Testimony
  (B) failure to properly INVESTIGATE Evidence INTRODUCED AT Trial
  (C) failure to present Expert witness

For these reasons mentioned Above A Evidentiary hearing should have been held or granted at trial Court.

## IV

Relator admits that AEDPA controls, along with Art. 11.07 TCCP.c.. However Relator CONTENDS that...

(3)

that the trial court's failure to conduct a finding of fact and conclusion of law, in short a evidentiary hearing, are contrary to established law and judicial proceedings in Texas law and does result in a unreasonable determination of clearly established law as promulgated by the U.S. Supreme court, and are the product of an unreasonable determination of the facts.

## Requested Relief

Where fore, Relator pray that this court grant:

(1) That an evidentiary hearing be granted

(2). The court grant Mandamus Relief

(3) All other Appropriate relief

Dated. Jan. 29 2015

Respectfully Submitted

/S/ Nwagwu

Marcel Nwagwu

TDCJ No. 1593238

(3)

## CERTIFICATION OF SERVICE

I, MARCEL NWAGWU, Relator do hereby declare that a true and correct copy of this Motion for leave to file writ of Mandamus and Request for a Evidentiary Hearing has been served on the clerk of court for the Court of Criminal Appeals of Texas. by placing the same in a U.S. Mail Box on this 29th day of January 2015.

Respectfully Submitted

/S/ Mgwag

Marcel Nwagwu
TDCJ No. 1593238
C. T. Terrell Unit
1300 F.M. 655
Rosharon Texas 77583

(4)

MARCEL NWAGWU | In The Court of Criminal
TDCJ No. 1593238 | Appeals of Texas
RELATOR | Austine Texas

V. | TR. Ct. No. D-1-DC-07904098-B
| WR-77,934-02
STATE of Texas |

## RELATOR's Motion for Mandamus Relief And Request For Evidentiary Hearing

To the Honorable Judges of said Court:

Now comes Marcel Nwagwu, Relator Pro-se seeks to move this court pursuant to Texas Rules of Appellate Procedure Rules 72, 72.1 And 52.7 seeking mandamus Relief and A Evidentiary Hearing in regards to Newly discovered Evidence. In Support of Relator will show the following.

### I
### PRELIMINARY STATEMENT

Relator was convicted at trial court on Aug. 20, 2009 in Cause No. D-DC-07-904098 of Indecency with a child by Contact And Indecency with a child by Exposure And was...

(1)

Sentenced to 20, and 10 year confinement. It is important to note that these convictions resulted from a retrial after a previous jury deadlock on March 4, 2009, and could not come to a unanimous vote on relator's guilt. Relator appealed the convictions and the Third Court of Appeals reversed and dismissed the latter conviction in an unpublished opinion Nwagwu v. State No. 03-09-535-CR on October 21, 2010. After Relator challenged his conviction in a state habeas corpus writ filed January 5, 2012. The Court of Criminal Appeals of Texas denied it without a written order on July 25, 2012.

## II
## Legal Argument

Relator request of this court Mandamus Relief and Evidentiary Hearing pursuant to Tex. Rules of App Proc. Rules 72, 72.1, and 52.7. Relief is necessary in order to keep Relator from being prejudiced and denied his right to present Newly Discovered Evidence and Evidentiary Hearing at trial Court. Such prejudice would result in Relator being denied his right to a fair trial. U.S. Const. Amend. VI and XIV. Jackson v. Denno 378 U.S. 368 (1964)

(2)

A hearing is also necessary to adequately protect Relator's right to present exculpatory and mitigating evidence. U.S. Const. Amends. V and XIV Reed v. State 518 S.W2d. 817 Tex. Crim App. 1975

## III.

### Clerk's Certificate Under Art. 11.07 Sec. 4 (A)(2)

Relator's Application for writ of Habeas Corpus was filed on DEC. 4, 2015 and a copy was served upon the Criminal District Attorney Office on DEC. 4, 2015, and further as Clerk certifed that No orders have been entered by the trial court within a 35 day time limit from the filing of this Application and that the Trial Court failure to act within the time limits as prescribed by Statute constitutes a finding that there are No previously un-resolved facts material to the legality of Applicants confinement and therefore the Application for writ of Habeas has been overruled by operation of law.

However Relator argues and points out that he has presented Newly discovered Material Evidence that was Not available at the time...

(3)

of trial that was material to the out come of this case, namely the time and dates of time sheet records and school record. These false records and dates was used by the prosecutor to corroborate false testimony of state witness Kellee Justice.

In light of Exparte Ghahremani 332 S.W3d 470 (Tex. App. 2011) this court held: when a habeas Applicant has shown that the state knowingly used false, material testimony in violation of Applicant due process rights and the Applicant was unable to raise this claim at trial or on Appeal, the Court of Criminal Appeals will grant relief from Judgement that was obtained by that use. Also see U.S. v Bishop 629 F3d. 462 (5th cir 2010).

If in this case at bar Relator Argues there was an evidentiary hearing on material facts pertinent to the out come of this case. See U.S. v. Smith 844 F2d. 203, 208 (5th cir 1988) In Tex Code of Crim Proc. 11.07 writ proceedings Texas Court of Criminal Appeals is the ultimate fact finder. The convicting court is the original fact finder. If the convicting court fails to find that a habeas...

(4)

Corpus Applicant fails to meet the Bagley Standard there should be a finding of fact. However when a habeas corpus Applicant has shown that the State knowingly used false Material testimony and the Applicant was unable to raise this claim at trial or on Appeal this Court will grant relief. Ex parte Ghahremani 332 S.W.3d. 470 (Tex App. 2011) and Mooney v. Holohan 294 U.S. 103, 55 SCT. 340 (1935).

The denial of Evidentiary hearing sought by the relator should be reviewed for abuse of discretion. See United States v. Cowarts 132 F.3d. 1106 5th cir and McDonald v Johnson 139 F.3d. 1056 (5th cir 1998) In determining whether a Evidentiary hearing is proper in this case. The trial Court and this Court May Expand the record and consider the Newly discovered Evidence in this case that is Material and does cast light on the merits of Relator's Application of writ of Habeas Corpus and the Constitutionality of his Conviction. Young v Herring 938 F2d. 543, 560 (5th cir 1991) and State v. Vaughn 955 F2d. 367 5th cir.

(5)

# IV
## CONCLUSION

Article 11.07 4(A)(2) of the Texas Code of Criminal procedures require a fact finding hearing as to the Newly discovered Evidence. It is clear by this court standards when looking at convictions which were obtained utilizing false testimony and material Evidence have held that such lacks fundamental fairness to the relator and constitutes a denial of due process. The United States Supreme Court stated "It is a requirement that can not be deemed to be satisfied by mere Notice and hearing if a state has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of his liberty through a deliberate deception of the court and Jury by the presentation of testimony known to be perjured. Such a contrivance by the trial court not making a finding of fact as to Newly discovered Evidence presented in a habeas proceeding is inconsistent with the rudimentary demands of justice. See Mooney v. Holohan 55 SCT. 340, and Napue v. People of the State of Illinois 79 SCT. 1173 (1959).

(6)

## V
## Request for Relief

Wherefore Relator respectfully request:

(1) that Mandamus Relief be grant

(2) that an Evidentiary hearing be granted in regards to Newly discovered Evidence

(3) that this Court grant this writ of Habeas Corpus and all other appropriate Relief.

So it is Prayed. Dated <u>Jan. 29, 2015</u>

Respectfully Submitted.

/s/ Mkwagu

Marcel Nwagwu
TDCJ No: 1593238
Terrell Unit.
1300 F.M. 655
Rosharon Texas 77583

(7).

## CERTIFICATE of SERVICE

I, MARCEL NWAGWU, RELATOR Pro-se do hereby declare that a true and correct copy of Relator's Motion for Leave to file writ of Mandamus and Request for Evidentiary Hearing Accompanied with Motion and Brief was Served on Clerk of Courts listed below Executed on this 29th day of Jan. 2015 by Placing the same in A U.S. Postal mailbox.

Respectfully Submitted.

*H. Nwagwu*

MARCEL NWAGWU
TDCJ No. 1593238
1300 F.M. 655
TRAVIL Unit.
Rosharon, TEXAS 77583

Pro-se.

Clerk of Court
ABEL ACOSTA.
P.O Box 12308
CAPITOL STATION
Austin, TEXAS 78711

(8)

MARCEL NWAGWU
TDCJ No. 1593238
Relator

v

STATE of TEXAS
RESPONDENTS

§
§
§
§
§
§
§
§
§
§
§
§

In The Court of Criminal
Appeals of Texas
Austin Texas

Tr. Ct. No. D-1DC-07904098-B
WR-77,934-02

## Relator's Affidavit of Inability to Pay Cost

My name is Marcel Nwagwu. I am over twenty one years of age, of sound mind capable of making this Affidavit, and personally Acquainted with the facts herein stated.

I am presently Incarcerated in TDCJ at the C.T. Terrell Unit. I am the relator in the above style cause of action. I do hereby state because of my proximity and Incarceration I am not able to pay cost and filing fees in regards to the case mentions above. As a prisoner in Texas I am not able to earn money or handle money in anykind of way. I currently receive a small amount of money from family and friends to purchase necessities here on the Unit.

(1)

I further declare by the penalty of perjury that the foregoing is true and correct. Executed on this 29th day of Jan. 2015.

/s/ Nwagwu

MAICEL NWAGWU

TDCJ No. 1593238

(2)